■ THOMAS D. BIEBER, Individually and as Administrator of the Estate of KATHLEEN D. BIEBER, Deceased, Respondent, v COUNTY OF WAYNE, Defendant, and TOWN OF ONTARIO et al., Appellants. (Action No. 1.) MARY A. R. RIKER et al., Plaintiffs, v Estate of KATHLEEN D. BIEBER et al., Defendants. (Action No. 2.) Estate of KATHLEEN D. BIEBER et al., Third-Party Plaintiffs-Respondents, v COUNTY OF WAYNE, Third-Party Defendant, and TOWN OF ONTARIO et al., Third-Party Defendants-Appellants. (Action No. 3.)—Order unanimously reversed, without costs, motions granted and complaints dismissed. Memorandum: The Town of Ontario and Ontario Pipeline, Inc., defendants and third-party defendants in these actions, appeal from an order denying their separate motions for summary judgment. The underlying causes of action arise out of an accident occurring April 14, 1975 on West Lake Road at a point east of its intersection with Knickerbocker Road. Both highways are county roads. The accident occurred when an eastbound van operated by decedent Kathleen Bieber left the paved portion of the highway on the south side, returned to the highway, and then crossed over to the north side of the pavement and collided with a westbound vehicle operated by plaintiff Mary Riker. In the fall of 1974 the appellant town had contracted with appellant Ontario Pipeline, Inc., to install sewer lines in the area. The work east of Knickerbocker Road was performed entirely outside of the bounds of the highway except for one lateral cut, perpendicular from the sewer trunk line, which crossed the shoulder and highway to serve a facility to the north of it. That lateral was installed and the cut filled by Ontario Pipeline in the fall of 1974 and defendant Wayne County resurfaced the cut before the accident. The contract of Ontario Pipeline, Inc., was completed and accepted in 1974 and the contractor was paid in full for the job prior to this accident. Under those circumstances there is no factual basis upon which appellants may be held liable for defects in the shoulder or pavement of the highway in the vicinity of the accident. The only other basis upon which appellants might be liable is that in late 1974 Ontario Pipeline gratuitously filled some holes in the shoulder of the highway at the request of the county after some trees had been removed. The evidence in the record establishes, however, that this work was east of the point of the collision and could not have been causally related to the accident. (Appeal from order of Wayne Supreme Court—summary judgment.) Present— Marsh, P. J., Moule, Simons, Hancock, Jr., and Schnepp, JJ.